MARCH TERM, 1912. 513

*54 Vroom.* Rivers v. Penna. R. R. Co.

WILLIAM J. RIVERS, PLAINTIFF IN ERROR, v. PENNSYL-
VANIA RAILROAD COMPANY, DEFENDANT IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

1. A common carrier of passengers must use a high degree of care
   to protect them from danger that foresight can anticipate.
2. By foresight is meant not foreknowledge absolute, nor that ex-
   actly such an accident as has happened was expected or appre-
   hended, but rather that the characteristics of the accident are
   such that it can be classified among events that, without due
   care, are likely to occur, and that due care would prevent.
3. A railroad company is under no legal obligation to provide vesti-
   buled trains for its passengers, but, having done so, it is its duty
   to use reasonable care to maintain them in a safe condition.
4. When a railroad company has assumed to safeguard passengers
   using the vestibule between cars, while the train is running be-
   tween stations, by providing a trap door to cover the space over
   the steps, it is bound to use reasonable care to maintain it in
   proper position.
5. It was open to the jury to find that the plaintiff, a passenger on
   the defendant's vestibuled train from Newark to Jersey City was
   not furnished a seat in the car which he boarded; that when
   the train was four-fifths of a mile from the Jersey City terminal,
   he attempted to pass through the vestibule, which was not lighted,
   to the next car for the purpose of obtaining a seat; that in
   passing through the vestibule he was precipitated to the ground
   and injured because the trap door in the platform was open.
   *Held*, that the question of the negligence of the defendant was
   for the jury.
6. Section 39 of the General Railroad law (*Pamph. L.* 1903, *p.* 666)
   does not preclude recovery for an injury sustained by a passenger
   using the platform of a vestibuled train for the purpose of going
   to the next car to obtain a seat which the company had failed to
   furnish in the car which he originally entered.
7. The question whether, in the exercise of the high degree of care
   required of a common carrier of passengers, a railroad company
   should have anticipated that a passenger would, when within four-
   fifths of a mile from the end of his journey, attempt to pass from
   one car to another of a vestibuled train for the purpose of looking
   for a seat which the company had failed to furnish in the car
   which he originally entered, is for the jury.

On error to the Supreme Court, whose opinion is reported
in 51 *Vroom* 217.

For the plaintiff in error, *Clarence Kelsey.*

For the defendant in error, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

TRENCHARD, J.　The plaintiff below, William J. Rivers, brought this suit to recover damages for personal injuries sustained while a passenger on the defendant's train.

The evidence at the trial justified the jury in finding, if they saw fit, the following matters of fact:　The plaintiff, at about eleven o'clock at night, boarded an express train of the defendant company at its Newark station, to be carried to Jersey City.　The train consisted of six cars, the four rear coaches being vestibuled.　Rivers entered the car next to the last by the rear platform.　He was unable to obtain a seat because they were all occupied, and so, with several other passengers, stood in the aisle.　After the train had proceeded some distance from Newark, and was about four-fifths of a mile from the Jersey City terminal, its next and last stop, Rivers started to go into the next car for the purpose of obtaining a seat.　As he stepped on the platform of the vestibule, which was not lighted, there was a sudden "jerk" of the train, and as he endeavored to balance himself with his right foot, he stepped into space and plunged down the steps and fell upon the roadbed, because the trap door which, when in place, covered the space over the steps, had been removed by an employe of the defendant company after the train left Newark.

The suit was brought in the Hudson Circuit and resulted in a judgment for the plaintiff.　The defendant took a writ of error to the Supreme Court, where such judgment was reversed (51 *Vroom* 217), and this writ of error brings under review such judgment of the Supreme Court.

We are of opinion that the judgment in the Circuit Court should have been affirmed.

The plaintiff's action was grounded upon the alleged negligence of the defendant company in leaving open the trap door at the time and place of the plaintiff's injury.

Generally speaking, the legal duty of the defendant is well settled. A common carrier of passengers must use a high degree of care to protect them from danger that foresight can anticipate.

By foresight is meant not foreknowledge absolute, nor that exactly such an accident as has happened was expected or apprehended, but rather that the characteristics of the accident are such that it can be classified among events that, without due care, are likely to occur, and that due care would prevent. *Hansen* v. *North Jersey Street Railway Co.,* 35 *Vroom* 686.

As we have pointed out, the plaintiff complains that the defendant did not use that high degree of care required of it by law in respect to the condition of the vestibule.

Now, a railroad company is under no legal obligation to provide vestibuled trains for its passengers, but having done so, it is its duty to use reasonable care to maintain them in a safe condition.

And when such company has assumed to safeguard passengers using such vestibule, while the train is running between stations, by providing a trap door to cover the space over the steps, it is bound to use reasonable care to maintain it in proper position.

We have pointed out that, in the present case, the jury was at liberty to find from the evidence that the plaintiff was not furnished a seat in the car which he boarded; that, when the train was four-fifths of a mile from the Jersey City terminal, in passing through the unlighted vestibule in quest of a seat, he was precipitated to the ground and injured because the trap door in the platform was open. Whether under these circumstances the defendant company had exercised that high degree of care which under the law it owed to the plaintiff, was plainly a question upon which fair-minded men might honestly differ, and hence was properly submitted to the jury.

The Supreme Court rested its opinion to the contrary largely upon a consideration of section 39 of the General Railroad law (*Pamph. L.* 1903, *p.* 666), as applied to the state of

. 516    COURT OF ERRORS AND APPEALS.

Rivers v. Penna. R. R. Co.            83 N. J. L.

the proofs. That section is as follows: "In case any passenger on any railroad shall be injured by reason of his going or remaining on the platform of a car or any baggage, wood or freight car, in violation of the printed regulations of the company posted up in a conspicuous place inside of its passenger cars on the train, such company shall not be liable for the injury; *provided,* said company at the time furnished seats inside its passenger cars sufficient for the proper accommodation of its passengers."

But this section does not preclude recovery by a passenger who uses the platform for the purpose of going to the next car to obtain a seat which the company has failed to furnish in the car which he originally entered. The Supreme Court properly adopted that construction of the statute. It also expressly recognized that the plaintiff and others were unable to obtain seats in the car which they boarded. The opinion then proceeds to declare that "it was not to be presumed that a passenger within four or five blocks of the end of his journey would pass from car to car for the purpose of looking for a seat," and concludes that the judge should have directed a verdict for the defendant.

We find ourselves unable to concur in that conclusion. We think the question whether, in the exercise of the high degree of care required, the defendant should have anticipated that a passenger would pass from one car to another for the purpose of looking for a seat when within four-fifths of a mile from the end of his journey was not for the court, but for the jury, and was properly submitted to them.

The judgment of the Supreme Court will be reversed, and the judgment of the Hudson Circuit affirmed.              •

SWAYZE, J. (dissenting). It was necessary for the servants of the railroad company to open the vestibuled platform before the train arrived at the terminal or to discommode passengers by delaying them while the vestibule was opened after the train had come to a stop. It seems to me going too far to hold that the railroad company was guilty of negligence because they chose to open the vestibule when

the train was less than a mile from the terminal, that is to say, probably within a minute in time of reaching its destination. To me it seems one of those questions of good judgment which may fairly be left to the servants of the company in actual charge of the train.

I think, therefore, that the judgment of the Supreme Court was correct and should be affirmed.

*For affirmance*—SWAYZE, PARKER, VROOM, WHITE, JJ. 4.

*For reversal*—GARRISON, TRENCHARD, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 8.