## PENNSYLVANIA R. CO. v. BERCK-HEIMER.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1925.)

No. 4099.

**Trial ⬅⮕260(8)—Instructions held properly refused, as covered by the charge given.**

Instructions requested in railway brakeman's action for injuries as to facts necessary to recovery *held* properly refused, on the ground that they were fully covered by the charge given.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by C. A. Berckheimer against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Norman A. Emery, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for plaintiff in error.

Luther Day, of Cleveland, Ohio (Day & Day and Robert H. Dawson, all of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The defendant in error, C. A. Berckheimer, had been in the employ of the Pennsylvania Railroad Company as a brakeman, for about 13 years. Between 1 and 2 o'clock on the morning of August 20, 1922, Berckheimer, in the course of his employment was required to ride two box cars down the hump track in the railroad company's yards at Juniata, Pa. These cars had been cut loose from the train and were moving east, by their own momentum, down the incline track to be placed on classification track 5. While the cars were in motion Berckheimer, in attempting to pass from one car to another, fell between the cars and was severely injured.

Action was brought by Berckheimer to recover damages for these injuries, which he alleged were caused solely and directly by reason of the negligence of the Pennsylvania Railroad Company in failing to keep and maintain a brake step securely fastened to the body of one of these cars in violation of the Safety Appliance Act (Comp. St. § 8605 et seq.), in failing to make a reasonable and proper inspection to ascertain the defective condition of this car, and in failing to warn plaintiff of the defect. These averments of negligence were denied by the railroad company. The jury returned a verdict in favor of the plaintiff, upon which verdict judgment was entered by the District Court.

Evidence was offered on the part of the plaintiff tending to prove that the brake wheel on the lead car was on the rear or west end, and that the brake wheel on the rear car was at the front or east end, as these cars were then positioned upon the track; that in the discharge of his duties as brakeman it became necessary for him to step from the roof of the second car to the brake footboard or brake step upon the rear end of the first car; that this brake step was defective, and that by reason of its defective condition it tilted or gave way under him, causing him to fall between the cars. Evidence was offered upon the part of the railroad company tending to prove that the first car of this cut was in good condition; that the brake on the second car was at the rear or west end, and that, while four nuts were missing from the footboard and a nut was missing from the brake ratchet, nevertheless this brake step could not have tilted or given way with plaintiff without splitting the step in two; and that shortly following the accident this step was not tilted or split, and was safe to stand upon. The railroad company also introduced evidence tending to prove that the plaintiff's condition after the accident was not due to injuries, but to an attack of apoplexy, followed by paralysis, and that plaintiff had probably fallen from the car by reason of this attack of apoplexy, and not because of any defect in the brake step.

No exceptions were taken to the charge, but after the charge was given counsel for the railroad company requested the court to

charge: First, that if the jury should find "that the brake wheel and the brake step were on the west end of the second car, the last car in the run, then there can be no recovery"; second, "that if the plaintiff fell from the car for any other reason he is not entitled to recover." The court refused to give these requests, for the reason, as then stated, that both of them had been fully covered in the general charge. The refusal of the court to give these requests is assigned as error.

The court, in defining proximate cause, said to the jury by way of illustration: "If there was an insecure brake step on a car other than upon the one on which the plaintiff claims to have stepped to his fall, or that the brake step with the bolts loose was on the other end of the car than where the plaintiff claims that he stepped, such insecure or loose brake step could not have been the proximate cause of this accident, and would be immaterial so far as the claims of the plaintiff are made in this case." Later in the charge the court also said to the jury: "If the accident or his present condition be found by you to have been the result of some other cause than claimed in his petition, he could not recover in this case." It therefore appears that the general charge of the court covered these requests, not only in substance, but practically in the same language.

The judgment of the District Court is affirmed.