## UNION TRUST CO v JOHNSON

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided October 26, 1931

White & Brewer, Cleveland, for plaintiff in error.

George W. Spooner, Cleveland, for defendant in error.

VICKERY, J.

We recognize the purpose of statute §11495 GC which prevents an adverse party from testifying where the defendant is an executor of a deceased person, and the rule is a sound and salutary rule because the person who testifies could testify to things which the dead person might be able to contradict; and inasmuch as his mouth was closed by death, the plaintiff's mouth should be closed by law. But there is an excep-

tion in statute §11495-2 **GC**, and that exception is that where a party deals with an agent and the agent testifies, the adverse party may testify, for the reason no longer obtains. In this case had Joseph Williams been **alive**, he could not have thrown any light whatever upon the transaction, for the whole matter was taken care of by Mr. Anderson, his agent; and whatever he did, he was still alive to testify to and did testify. Therefore the reason for the rule would no longer obtain, because Anderson's mouth was not closed by death and Williams never knew anything at all about the matter. Therefore Anderson having testified and being able to testify, Rose Johnson could testify fully upon the same subject, and she did testify as to the conversation which she had with Anderson and her relations with him and the building, her manner of occupancy, and the payment of rent, and the fact that she had called Anderson's atention to the defective ceiling, and she also testified as to the extent of her injuries.

We cannot see how there was any error in this or how it violates the statute. As a matter of fact it corresponds with the statute because it comes within the exception.

Now it is said that even though Williams had authority to promise to repair this, there was no consideration for such a promise and that there was no duty imposed upon the landlord to repair. Of course, the landlord can keep his property unoccupied, if he wants to; he does not need to repair it; but it is not encumbent upon a tenant from month to month to repair the property, and in this case there is evidence that Anderson had repaired upon the complaint of Rose Johnson the plumbing fixtures in the bathroom and perhaps other things. In any event she threatened to move out unless Anderson repaired the ceiling and he promised, according to her testimony, that if she stayed and paid her rent, he would repair it.

Now it is claimed there was no consideration for his promise to repair. We think there was. The promise to stay and pay the rent was sufficient consideration for the promise to repair, and the reason why she stayed and was injured and did not move out was because of his promise to repair.

We think that the evidence was properly admitted; we think there was a consideration for the promise, that the jury believed a promise was made and there was evidence to support it, and we believe that the evidence shows that the plaintiff suf-

fered damages, and it is not claimed that they were excessive in any way.

Taking the whole record together, we do not see any error in this lawsuit that would warrant us in reversing the judgment. It will, therefore, be affirmed.

LEVINE, PJ and WEYGANDT, J, concur.