## MINNEAPOLIS, ST. P. & S. S. M. RY. CO. v. GALVIN.

### No. 5773.·

Circuit Court of Appeals, Sixth Circuit.

Dec. 18, 1931.

H. S. Mitchell, of Minneapolis, Minn. (Warner & Sullivan, of Sault Ste. Marie, Mich., John L. McInerney and Edward H. Murnane, both of Chicago, Ill., on the brief), for appellant.

W. W. Schroeder, of Chicago, Ill. (Murphy O. Tate, of Chicago, Ill., and Meta S. Wooden, of Battle Creek, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Appellee, plaintiff below, sued appellant for damages for personal injuries. Appellant challenges the denial of a directed verdict.

Appellant operated a double track railway between Chicago and Duluth. On November 30, 1929, passenger train No. 17 from Chicago arrived at Forest Park, the first station north, at 5:55 and departed at 5:57 p. m. About ten or fifteen minutes before its arrival, appellee purchased a ticket at the Forest Park station for passage to Antioch, a stop about fifty miles farther north. The station at Forest Park was on the west side of the tracks, and, because appellant used the east track for north-bound traffic, it had provided a passenger platform upon the east side opposite the station.

Appellee testified that, carrying a small bundle and with the ticket in his pocket, he stood around the station a little while and then went into the toilet; that as he came out the train was arriving; that he stepped across the tracks to the platform, and, when the train stopped, boarded it along with other passengers; that after mounting the steps of a coach near the middle of the train he turned to the left, entered the coach, and took a seat upon the east side about the center; that he did not know how long he sat there, but that, wanting to go to the smoker which he thought was somewhere in the rear, he, carrying his bundle under his left arm, went toward the rear and through the door of the coach he was in, and through another coach to its rear door; that intending to go into the next coach in search of the smoker he opened this door with his right hand, felt a cold wind, and that just as he saw that the west trap and door ·of the vestibule were open, the train, running at about fifty miles an hour, lurched and hurled him through the opening. He was found lying upon the track about ninety-four feet south of the south end of a cross-over track called junction 16, which point is about five miles north of Forest Park and one mile south of Schiller Park, the next station north. His ticket was in his pocket, his bundle under his left arm, and his hat by his side; he was unconscious, and seriously injured. The night was dark, and the weather bitterly cold.

It is apparent that appellant had fallen, and it is very probable that he fell while that portion of the train ahead of him was passing through the cross-over from the east to the west track.

Appellant was bound to use the utmost care to protect its passengers against the possibility of an accident arising from the condition of its vestibule traps and doors, and to this end to see that they were kept closed while its trains were in motion. Sansom v. Sou. Ry. Co., 111 F. 887, 889 (C. C. A. 6); Bronson v. Oakes, 76 F. 734, 740 (C. C. A. 8); Palen v. Wheelock, 13 F.(2d) 34, 35 (C. C. A. 8); Scott v. N. Y. Cent. R. Co., 216 App. Div. 623, 216 N. Y. S. 163, 165; Rivers v. Penna. R. Co., 83 N. J. Law, 513, 515, 83 A. 883; St. L., I. M. & S. R. Co. v. Oliver, 92 Ark. 432, 435, 123 S. W. 662.

We think that appellee's evidence made a case to be decided by the jury, and that appellant was called upon to meet the situation (1) by testimony tending to show that appellee had not been thrown through the opening; or (2) if he had that appellant had discharged its full duty with respect to the doors. Sweeney v. Erving, 228 U. S. 233, 240, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Cincinnati, N. O. & T. P. Ry. Co. v. South Fork Coal Co. (C. C. A. 6) 139 F. 528, 533, 1 L. R. A. (N. S.) 533; N. Y. Cent. R. Co. v. Johnson, 27 F.(2d) 699, 701 (C. C. A. 8). Appellant introduced evidence tending to show that all the vestibule traps and doors upon the west side of the train were closed and fastened before leaving Chicago, and that they remained closed until the train stopped at Schiller Park where the rear door upon the west side of a combination car just ahead of the day coach was opened by a brakeman to receive passengers; that appellee was never inside the coaches, but that as the train was leaving Forest Park he boarded it on the west side, where the doors were closed, and, clinging to the grab irons on each side of the doorway, stood upon the lower step until he fell.

This was, in the main, the state of the record at the close of all the evidence when appellant moved for a directed verdict. We think the motion was properly denied. Upon the question whether appellee was thrown through the opening, the evidence was in direct conflict. It is urged that appellee's testimony was self-contradictory as well as contradicted by the evidence of other witnesses. These matters were of no concern in determining the motion for a directed verdict. Gunning v. Cooley, 281 U. S. 90, 94, 50 S. Ct. 231, 74 L. Ed. 720; Rochford v. Penna. Co., 174 F. 81, 83 (C. C. A. 6).

It is further urged that appellee's evidence was too improbable to be regarded as sufficient to warrant a verdict. We cannot accept this view. Appellee's evidence was more than a mere scintilla. It was direct and substantial, and, in considering whether a verdict should have been directed, it must be regarded in the light most favorable to the appellee. So regarded, we think that it was ample to support a finding that the door was open and that appellee was thrown through the aperture. A case was thus presented for the jury, notwithstanding the possibly preponderating weight of the evidence offered by the appellant to sustain its theory of the happening of the accident. Begert v. Payne, 274 F. 784 (C. C. A. 6). Had the evidence presented only a possible inference of liability, it would have been insufficient [American Oil Co. v. Frederick, 47 F.(2d) 54 (C. C. A. 6)]; but such is not the case here.

Finally, it is urged that the contributory negligence of appellee required a directed verdict against him. Suffice it to say that we do not think the evidence supports such conclusion.

Affirmed.