## NORTHERN TRUST CO. v. ELMAN.

### No. 6544.

Circuit Court of Appeals, Sixth Circuit.

June 29, 1934.

H. E. Mau, of Cincinnati, Ohio (Pogue, Hoffheimer & Pogue, of Cincinnati, Ohio, R. H. Hildebrant, of Wilmington, Ohio, and J. A. Culbertson, of Cincinnati, Ohio, on the brief), for appellant.

Robert S. Marx, of Cincinnati, Ohio (Nichols, Morrill, Wood, Marx & Ginter, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

The appellee recovered damages for personal injuries sustained in a fall through the floor of a show window in a storeroom belonging to the appellant's testate, Charles W. Murphy. Error is assigned to the judgment on the ground that the court should have directed a verdict for the defendant at the conclusion of all the evidence. The floor of the show window was made of glass, which was covered with linoleum having the appearance of hardwood flooring. When the appellee stepped upon the floor the glass gave way, and he was precipitated into the basement and received the injuries for which he sued. The proofs show that he had leased the storeroom by the day from James Murphy, a brother of the owner, at a rental rate of a hundred dollars a month. It is contended that James Murphy had no authority to make the lease, and that the arrangement with him did not give the appellee the right to enter the storeroom as lessee or invitee of the owner. We think the evidence conclusively shows that James Murphy was the agent of his brother in charge of the room, with authority to lease it. While he had not placed the linoleum on the floor, there was substantial evidence to show that he knew it was there and also knew that the floor was dangerous and might give way if any one attempted to walk on it. In

these circumstances, it was for the jury to determine whether he was negligent in failing to warn the appellee of the danger. Bennett v. Railroad Co., 102 U. S. 577, 580, 26 L. Ed. 235.

It was not error to refuse to charge the jury that if appellee went upon the premises as an invitee of the Clinton Shoe Company, there could be no recovery. That company had occupied the room under lease for a period prior to the injury. The court charged the jury that unless it believed that the appellee entered the room as a tenant of the owner, the latter would not be liable for the injuries. This charge was broader than that requested by the appellant. It limited the appellee's right of use to such as arose from the status of lessee. Clarity did not require specific exclusions. Nor was it error to permit the appellee to testify to the conversations he had with James Murphy. After the answer was filed, Charles W. Murphy died. The action was then revived against the appellant, as his executor. The Ohio General Code, § 11495, permits a party to a suit to testify "when the action or proceeding relates to a contract made through an agent by a person since deceased, and the agent is competent to testify as a witness." The testimony here objected to consisted of conversations had with such an agent. Under this provision of the Code it is plain that the testimony was admissible. Union Trust Co. v. Johnson, 42 Ohio App. 301, 182 N. E. 137.

The judgment is affirmed.