ARKADELPHIA SAND & GRAVEL COMPANY *v.* KNIGHT.

4-3719

Opinion delivered February 18, 1935.

*Buzbee, Harrison, Buzbee & Wright,* for appellant.

*J. H. Lookadoo,* for appellee.

McHANEY, J. Appellee was injured when he fell from a scaffold which had been erected by appellant about twenty feet above the ground, while engaged in nailing roofing paper over a small shed which was being constructed over a belt to protect it from rain. He brought this action to recover damages for the severe and painful injuries suffered in said fall, and alleged negligence on appellant's part in failing to furnish him a reasonably safe place in which to work, in that the board on said scaffold on which he was required to stand while nailing on the roofing was not nailed at each end to the supports on which it rested. Trial to a jury resulted in a verdict and judgment in his favor for $5,000.

For a reversal of the judgment against it, appellant makes three contentions: (1) that appellee failed to prove any negligence on its part; (2) that he assumed the risk; and (3) in the admission of certain testimony.

In determining whether the evidence is sufficient to support the verdict, we must view it in the light most favorable to appellee, and, when so viewed, if there is any substantial evidence to support the verdict, we must permit it to stand. Viewed in this light, the evidence shows that the scaffold was built by other employees under the immediate direction and supervision of the foreman. It was placed twenty or more feet above the ground. One end of the plank was placed from the end of a crosstie on the elevated track leading to the crusher, and the other end on a horizontal bar nailed to two studdings. The plank was fourteen or sixteen feet long, and the witnesses disagree as to its width. Appellee says it was a 2 x 4, and the other witnesses say it was a 2 x 8, 2 x 10, or 2 x 12. It is undisputed that the plank, whatever its width, was not nailed at either end. Appellee had nothing to do with the laying of said plank. He assumed that it was nailed, and made no observation to see if it were nailed. He and appellant's foreman were on the scaffold

at the time he fell. He had laid and nailed one strip of roofing paper on the shed and was in the act of laying another when, as he says, he was "hunkered down" laying on the second strip, the plank slipped from under his feet and caused him to fall between the edge of the roof and the plank to the ground, inflicting the injuries sued for. In view of the height of this scaffold from the ground, and the narrowness of the plank on which he was required to stand in doing this work, we are unwilling to say as a matter of law that there is no substantial evidence of negligence on appellant's part. Of course, had appellee laid the plank on the cross bars himself, or assisted in so doing, or had he known as a matter of fact that it was not nailed, a different situation would exist. But such is not the case. We think this holding is in harmony with the recent case of *Fraser* v. *Norman,* 184 Ark. 434, 42 S. W. (2d) 569, where this language is used: "If, however, the employer furnishes the scaffold, or, if it is constructed either by himself or under his direction, he must exercise ordinary care to furnish employees with a safe place to work, and it is wholly immaterial whether the master undertakes to perform this duty himself or delegates it to another."

We are therefore of the opinion that the court properly submitted the question of appellant's negligence to the jury. The court did this, under instructions not complained of, and in instruction number 5 given at appellant's request the jury was told that if appellee assisted in erecting the scaffold or knew that it was not nailed down at the ends, and this caused him to fall, their verdict must be for appellant. Appellant's foreman had testified that the plank did not slip, but that appellee fell off backwards.

■ It is next said that appellee assumed the risk, and cannot therefore recover. We cannot agree that such is the fact in this case. After the scaffold had been built in the manner stated and the plank laid, appellee was directed to go upon same and lay the roofing paper. He did not stop to see whether the plank was nailed. It probably did not occur to him to do so. It is true that it is the duty of the master to exercise ordinary care to

furnish the servant a safe place to work, and it is also true that the servant assumes the ordinary risks and hazards of his employment. He does not assume the risk of the negligence of the master nor that of a fellow-servant where the employer is a corporation, unless he is aware of the danger arising from the negligence of the master or that such danger is so apparent and obvious that a person of ordinary intelligence must have known of it. It is also true that where the servant is working under the immediate direction of the master, as·here, a different rule prevails. Two of the recent cases in line with the above statement are: *McEachin* v. *Burks,* 189 Ark. 947, 75 S. W. (2d) 794; *Chapman* v. *Henderson,* 188 Ark. 714, 67 S. W.. (2d) 570. The court submitted this question to the jury in an instruction given at appellant's request that, if the danger was so obvious that no prudent man under the circumstances would work upon the board without its being nailed, their verdict must be for the appellant. We cannot say as a matter of law that appellee assumed the risk.

■ It is finally insisted that the court erred in permitting appellee's counsel to ask him if he was doing this work relying on the confidence he had in the foreman to furnish him a reasonably safe place to work. The witness was permitted to answer the question in the affirmative. We think there is no merit in this contention. Certainly, it was not prejudicial to appellant's rights, even though it might be said to be erroneous, which we do not say. He had the legal right to rely upon the foreman to exercise ordinary care in furnishing him a reasonably safe place to work. The court so instructed the jury.

We find no error, and the judgment is accordingly affirmed.