## GUNNING *v.* COOLEY.

No. 31. Argued November 26, 1929.—Decided March 12, 1930.

*Mr. H. Prescott Gatley,* with whom *Messrs. Benjamin S. Minor* and *Arthur P. Drury* were on the brief, for petitioner.

*Mr. Alvin L. Newmyer,* with whom *Mr. Ralph A. Cusick* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondent brought this action in the supreme court of the District of Columbia to recover damages from peti-

tioner, a practicing physician, for injuries claimed to have been caused by his negligence while treating her. Her complaint is that he put into her ears some tissue-destroying liquid, which for brevity we shall refer to as acid, and thereby injured the drums and other parts of her ears. The jury returned a verdict for the plaintiff and the judgment thereon was affirmed in the Court of Appeals. 30 F. (2d) 467.

At the close of all the evidence defendant moved the court to direct the jury to return a verdict in his favor. He maintained that the evidence failed to show that plaintiff was injured by the negligence alleged and that it left the cause of her injury in the realm of conjecture. The motion was denied. Defendant sought reversal on that ground. And that is the only ruling of which complaint was made in the petition for this writ.

An opinion written by the Chief Justice of the Court of Appeals held that the motion accepted as true plaintiff's evidence together with all inferences reasonably deducible from it, and that the motion could be granted only when all reasonable men could "draw but one conclusion from it, and that conclusion utterly opposed to plaintiff's right to recover." He cited *Railroad Co.* v. *Carrington,* 3 App. D. C. 101, 108; *Warthen* v. *Hammond,* 5 App. D. C. 167, 173; *Adams* v. *Railroad Co.,* 9 App. D. C. 26, 30; *Glaria* v. *Washington Southern R. Co.,* 30 App. D. C. 559, 563; *Catholic University* v. *Waggaman,* 32 App. D. C. 307, 320, and *Chesapeake Beach R. Co.* v. *Brez,* 39 App. D. C. 58, 69.

There was a concurring opinion by one of the associate justices and dissent by the other. The concurring justice held that under the strict rule adopted in that court there was sufficient evidence to carry the case to the jury. He said (p. 470): "It is a mere travesty to say that the court is bound to send the case to the jury, if there is any evidence tending to support the contention of the plaintiff, and shut its eyes to the justice or injustice of a verdict resting upon such a flimsy basis. It is my fixed opinion, as

expressed on many occasions, that the rule established in the decisions referred to, and in many other decisions of this court, is too strict, and should be modified to the extent of confiding in the court the power to determine whether or not the evidence is sufficient to raise a reasonable issue of fact, capable of supporting a verdict that will meet the substantial ends of justice. I trust that such a rule of procedure may yet be adopted by the unanimous concurrence of the justices of this court, as will lift the trial justice in this District from a mere automaton to the exercise of his lawful and proper judicial function of seeing that cases are submitted to juries in accordance with such lawful rules of procedure as will elicit verdicts based upon substantial issues of fact rather than mere caprice and sympathy." The dissenting justice found in the evidence " no basis whatever for the verdict and judgment."

" When, on the trial of the issues of fact in an action at law before a Federal court and a jury, the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff or the defendant, as the case may be, so that such a verdict, if returned, would have to be set aside, the court may and should direct a verdict for the other party." *Slocum* v. *New York Life Insurance Co.,* 228 U. S. 364, 369.*

---

*And see *Phoenix Ins. Co.* v. *Doster,* 106 U. S. 30, 32. *Montclair* v. *Dana,* 107 U. S. 162–163. *People's Savings Bank* v. *Bates,* 120 U. S. 556, 561–562. *North Penn. Railroad* v. *Commercial Bank,* 123 U. S. 727, 733. *Kane* v. *Northern Central Railway,* 128 U. S. 91, 94. *Delaware, &c. Railroad* v. *Converse,* 139 U. S. 469, 472. *Elliott* v. *Chicago, Milwaukee, &c. Railway,* 150 U. S. 245. *Union Pacific Ry. Co.* v. *McDonald,* 152 U. S. 262, 283. *McGuire* v. *Blount,* 199 U. S. 142, 148. *Empire State Cattle Co.* v. *Atchison Ry. Co.,* 210 U. S. 1, 10. *Delk* v. *St. Louis & San Francisco R. R.,* 220 U. S. 580, 587. *Baltimore & Ohio R. R. Co.* v. *Groeger,* 266 U. S. 521, 524. *Chicago, M. & St. P. Ry. Co.* v. *Coogan,* 271 U. S. 472, 478. *St. Louis-San Francisco Ry.* v. *Mills,* 271 U. S. 344, 347–348. *New York Central R. R. Co.* v. *Ambrose,* 280 U. S. 486.

A mere scintilla of evidence is not enough to require the submission of an issue to the jury. The decisions establish a more reasonable rule " that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Improvement Company* v. *Munson*, 14 Wall. 442, 448. *Pleasants* .v. *Fant*, 22 Wall. 116, 122.

Issues that depend on the credibility of witnesses, and the effect or weight of evidence are to be decided by the jury. And in determining a motion of either party for a peremptory instruction, the court assumes that the evidence for the opposing party proves all that it reasonably may be found sufficient to establish and that from such facts there should be drawn in favor of the latter all the inferences that fairly are deducible from them. *Texas & Pacific Ry. Co.* v. *Cox*, 145 U. S. 593, 606. *Gardner* v. *Michigan Central Railroad*, 150 U. S. 349, 360. *Baltimore & Ohio R. R. Co.* v. *Groeger*, 266 U. S. 521, 524, 527. Where uncertainty as to the existence of negligence arises from a conflict in the testimony or because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. *Richmond & Danville Railroad* v. *Powers*, 149 U. S. 43, 45.

Where the evidence upon any issue is all on one side or so overwhelmingly on one side as to leave no room to doubt what the fact is, the court should give a peremptory instruction to the jury. *People's Savings Bank* v. *Bates*, 120 U. S. 556, 562. *Southern Pacific Company* v. *Pool*, 160 U. S. 438, 440. " When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither." *Ewing* v. *Goode* (by Taft,

Circuit Judge), 78 Fed. 442, 444. See *Patton* v. *Texas &
Pacific Railway Co.*, 179 U. S. 658, 663. *New York Cen-
tral R. R. Co.* v. *Ambrose*, 280 U. S. 486.

The burden was on plaintiff to establish the negligence
and injury alleged; and, if the evidence failed adequately
to support either element, defendant's motion should have
been granted. We need not consider whether the opinion
written by the Chief Justice could be sustained if it stood
alone. The concurrence was essential to the judgment.
The concurring opinion rests upon the conception that
the rule stated by the Chief Justice required denial of
defendant's motion if plaintiff's claims were supported by
any evidence, however slight. That is not the rule ap-
plied in federal courts. But it does not follow that a ver-
dict should have been directed for the defendant. It re-
mains to be considered whether, having regard to the ap-
plicable rules established by the decisions of this court,
the evidence was sufficient to warrant a finding by the
jury that defendant was negligent as charged and thereby
injured plaintiff.

It is not claimed by plaintiff that defendant knowingly
put acid in her ears, but that he negligently did so while
intending to apply oil. She gave testimony that tends
to show the following facts. Prior to defendant's treat-
ment her hearing was good and she never had any disease
or injury in or about either ear. She first consulted de-
fendant on Saturday, October 21, 1922. He treated her
throat. On the following Monday defendant told her
that there was something wrong with her nose and that
mouth breathing had made her throat sore. He treated
her nose. On Wednesday she told defendant she had
some cold and felt wax or something in her right ear.
He examined it and said there was nothing wrong. She
repeated that she felt wax in it. He then said that he
would put some mineral oil in her ears. There were sev-
eral small white bottles and a dropper on a cabinet in his

office. He took the dropper from one of the bottles and put some liquid in her right ear. She immediately suffered much pain, became dizzy and heard great noises in that ear. He then put some of the liquid in her left ear. She experienced the same sensations, became very ill and lost control of her body. Other evidence shows that she went or was taken to a bed in defendant's house and there remained for some hours and until a friend came and took her to her mother's home.

There was testimony given by plaintiff's mother and sister that, up to the time defendant treated her ears, plaintiff's hearing was good; that she never had any disease or injury of the ears; that, when she was brought from defendant's office, she was very ill, apparently suffered much pain, remained in bed for about two days and was deaf. On the Friday following defendant's last treatment she was taken to Doctor Patten, a specialist. He treated her daily for some months and two or three times a week until October, 1926. Then Doctor Morgan treated her twice a week until the time of the trial. Neither Doctor Patten nor Doctor Morgan testified at the trial. The record shows that the former could not be called, but it is silent as to the latter.

In 1923 Doctor Crisp, treating her for something else, casually examined her ears. He found the drum of the right ear broken and that of the left ear inflamed. In 1925, after the commencement of this action, at the request of the defendant, Doctor Allen was permitted to examine the plaintiff. He found both eardrums retracted and a perforation in the right but none in the left. Early in 1927, in preparation for the trial, plaintiff had Doctor Gill examine her ears. He found practically all of the right and about half of the left drum gone and that she had one-third hearing in the right and two-fifths in the left ear. He gave testimony to the effect that, if applied

to them, acid would injure or destroy eardrums and would cause pain and possibly other sensations like those which plaintiff testified she suffered at the time of the treatment.

Defendant testified plaintiff told him her hearing had become impaired and that her ears had been treated. He found both eardrums perforated. On her last visit she was nauseated and complained of dizziness and roaring in her head. He dropped mineral oil into her ears with a dropper to close up the external ears in order to prevent noise from penetrating into the middle ears. The noise subsided, she became composed, went to a bed in his house and remained until taken home by a friend. He denied that he put acid in her ears and testified that he never had any in his office.

The evidence shows that, while difficult to do, it would be possible by means of a dropper to apply acid to eardrums without allowing it to come into contact with other tissues. There was no scar or anything to indicate that acid had touched any part of the canal leading to either eardrum. Plainly it would have been impossible for defendant to have closed the external ears without allowing the liquid used for that purpose to touch the canal tissue. But plaintiff was not required specifically to show what defendant did put in her ear or that the treatment destroyed either of her eardrums or made her deaf. If the evidence was sufficient to justify a finding that defendant negligently put a harmful fluid in her ears causing her pain and injury, the motion was properly denied.

As the credibility of witnesses and the weight to be given to their testimony are for the jury, plaintiff's testimony as to the treatment and immediate effect upon her and the testimony of others as to her condition shortly afterwards constituted sufficient evidence to warrant a finding that instead of oil defendant negligently put some

harmful liquid into her ears thereby causing her pain, suffering and some injury in and about her ears. It was not necessary for the trial court in passing upon the motion to determine, and we need not consider, whether under the rules laid down in the decisions of this court the evidence was sufficient to warrant a finding that the perforation of either eardrum or permanent deafness resulted from defendant's treatment.

Defendant seeks reversal on a number of grounds that were not mentioned in his petition for the writ. But this court is not called on to consider any question not raised by the petition. *Webster Co.* v. *Splitdorf Co.*, 264 U. S. 463, 464.

*Judgment affirmed.*