GRUBB v. GROOVER et al.
No. 5820.

Court of Appeals of the District of Columbia.
Argued Oct. 5, 1933.
Decided Oct. 30, 1933.

Rehearing Denied Nov. 13, 1933.

H. F. Hawken and Michael J. Colbert, both of Washington, D. C., for appellant.

H. Mason Welch, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment for the defendant in the Supreme Court of the District upon a directed verdict at the close of plaintiff's case in an action for malpractice.

Plaintiff testified in substance as follows: On April 19, 1929, owing to an illness, supposed to be grippe, but subsequently diagnosed as "unresolved influenza pneumonia," she went to Garfield Hospital, and on that day received X-ray treatment by defendants, through their agent, a Dr. Coe. During the treatment Dr. Coe came to her side and inquired how she was getting along. That "the treatment on this occasion was applied to her chest." She suffered no ill effects from that treatment. On April 29, following, she received a second application of X-ray to her chest, and Dr. Coe was in the room when the instrument started and when it stopped. She suffered no ill effects from the second treatment. On May 13, following, she was taken to the X-ray room, where Dr. Lattman, another agent of the defendants, was in charge. Dr. Lattman inquired as to the number of treatments she had already received, and also inquired where they were applied. Upon receiving an answer to his question, the doc-

tor said: "Well, we will give you this on your back." After placing plaintiff in a proper position, "the machine was then turned on and both Dr. Lattman and the nurse left the room; that in a short time witness' back began to get hot and as the treatment went on it got warm—hot—and she became uncomfortable and uneasy, and began to moan and groan; that the third treatment was different from the first and second; that the witness was fairly comfortable when she had those; that witness thought somebody would come to her but they did not; that witness' back got so very hot she became alarmed; and she was scared and she looked around to see if she could get some one to come to her, and she said, 'Oh, dear me, can't I get any help? Can't I get any help?' But nobody came; that then the machine stopped and the nurse came; that there was nobody in the room to turn the machine off; that when the nurse came in witness said to her, 'My back is very hot,' and the nurse said in a surprised way, 'Your back is hot?'" As plaintiff was being wheeled out of the room and down the corridor, she passed Dr. Lattman standing there reading a book; that the heat remained in her back for hours, and she was nauseated for two days. At the time of her testimony in June, 1932, her back had not completely healed.

A physician testified to his treatment of the plaintiff in 1929 for an X-ray burn of the second degree: "That it was necessary to excise the burned area; that is, cut it out; that he removed the burned area and then slid flaps of skin from the neighborhood to cover the defect left where the burned area was removed; that skin had to be grafted."

A motion for a directed verdict accepts as true every fact offered in evidence by the plaintiff, with the reasonable inferences deducible therefrom. Chalvet v. Huston, 43 App. D. C. 77, Ann. Cas. 1916C, 1180; Faucett v. Bergmann, 57 App. D. C. 290, 22 F. (2d) 718; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720.

In the present case, therefore, the evidence warrants a finding that during the two applications of X-ray to plaintiff's chest a physician was present and that no ill effects resulted; that in the application of the X-ray to plaintiff's back neither the physician nor the nurse remained in the room, and that plaintiff was very seriously injured.

In Crist v. White, 62 App. D. C. 269, 66 F.(2d) 795, 796, we said: "While no presumption of want of skill or care ordinarily arises from the fact that professional treatment is unsuccessful, in this case there was more than that." The same may be said in the present case. It is common knowledge that the application of X-ray not infrequently results in a burn. Sweeney v. Erving, 35 App. D. C. 57, 43 L. R. A. (N. S.) 734; Id., 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Hazen v. Mullen, 59 App. D. C. 3, 32 F.(2d) 394. No one knows this better than the doctor who uses an X-ray machine. In our opinion, evidence that an X-ray practitioner administered X-ray treatment to a patient without remaining in the room or within hearing, which treatment resulted in a burn, as here, warrants a finding of negligence, unless satisfactorily explained. In other words, it is for the jury to determine the issue presented by such evidence and the explanation, if any.

It results that the judgment must be reversed, with costs, and the cause remanded for a new trial.

Reversed and remanded.