## UNITED STATES v. HARLESS.
### No. 3747.

Circuit Court of Appeals, Fourth Circuit.
Argued Jan. 14, 1935.
Decided April 2, 1935.

318

C. L. Dawson, Atty., Department of Justice, of Washington, D. C. (George I. Neal, U. S. Atty., of Huntington, W. Va., Charles M. Love, Jr., Asst. U. S. Atty., of Charleston, W. Va., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Thomas W. Peyton, of Huntington, W. Va. (Ernest E. Winters, Jr., and John W. Hereford, both of Huntington, W. Va., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the District Court of the United States for the Southern District of West Virginia, at Huntington, by appellee, hereinafter referred to as plaintiff, against the United States, seeking to recover under the total and permanent disability clause of a war risk insurance contract. There was a trial in March, 1934, and the jury returned a verdict for the plaintiff in the sum of $10,350, upon which verdict the court entered judg-

ment. From this judgment this appeal was brought.

The plaintiff enlisted in the army on April 2, 1917, and was discharged on February 16, 1919. While in the army he applied for and was granted a war risk insurance policy which lapsed on March 31, 1919. Plaintiff claimed that he was totally and permanently disabled prior to the expiration of the policy.

There was evidence to the effect that plaintiff, while in the service in France, developed amblyopia and at an examination at a base hospital a test of his eyes showed that he had vision 20/70. A report of this examination carried the statement that this disability did not exist prior to the entry in the service and that the disability was in the line of duty.

There was evidence to the effect that after his discharge from the army plaintiff, who was qualified to do only manual labor, endeavored to go back to work but was not able to do so partly because of a heart condition, but chiefly because of the amblyopia. This evidence further showed that the plaintiff's trouble with his eyes increased as the years went by until at the time of the trial he was practically blind; his heart action was also very bad.

There was medical evidence tending to prove that plaintiff's eye condition was incurable as well as was his heart condition. Plaintiff had been granted compensation upon rating showing that he was from 50 to 100 per cent. disabled, his disability rating at the time of the trial being 100 per cent.

There are two assignments of error made on behalf of the appellant: (1) That the trial court erred in commenting upon an instruction given at the request of attorneys for the appellant; and (2) that the court erred in refusing to instruct the jury to direct a verdict for the defendant.

On the first point the instruction given by the court and the court's comment on the instruction is as follows:

"The Court instructs the jury that even though you may find that the plaintiff, Roscoe Carl Harless, would suffer some pain in the performance of some substantially gainful occupation on and after March 31, 1919, yet if you find that he could follow an occupation of a substantially gainful nature continuously, even at the expense of some pain and suffering, you must find for the defendant.

"I will leave that question for you entirely; whether you think a man should suffer his life out in order to follow an occupation to save a few dollars for somebody else."

We are of the opinion that the instruction granted by the court does not properly state the law. A man should be held totally disabled if he cannot work at any substantially gainful occupation without continuous pain and suffering of such character that it would not be reasonable to expect him to endure it. On the other hand, the mere fact that work may at times result in pain and suffering does not justify a finding of total disability. The question is whether the pain and suffering are of such character as (considered reasonably) to disable insured from following with reasonable regularity any substantially gainful occupation; and what is reasonable under such circumstances is a question for the jury, unless the evidence is so clearly one way that reasonable men could not differ as to what the facts are. The judge might properly have refused the instruction as not correctly stating the law; but we do not approve of his comment in giving same. The effect of the comment was to ridicule the position of the government. We do not think, however, that either the instruction or the comment of the judge could have affected the result in the case or would authorize the granting of a new trial in view of the evidence disclosed by the record.

As to the second question, that there was no substantial evidence that the plaintiff became permanently and totally disabled during the life of the policy, we are of the opinion that while there was some conflict (this being especially true as to the medical testimony), there was sufficient evidence, which, if believed by the jury, would justify the verdict they returned. A reading of the evidence leads us to the conclusion that the verdict of the jury was a proper one.

Courts are loath to invade the province of the jury whose duty it is to pass upon questions of fact.

In determining whether there was any substantial evidence to sustain a verdict for the plaintiff, an appellate court will assume as established all the facts that the evidence supporting plaintiff's claim reasonably tends to prove and "there should be drawn in his favor all the inferences fairly deducible from such facts." Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 14 L. Ed. 720; Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 273, 78 L. Ed. 492.

There was no reversible error in the trial, and the judgment of the court below is accordingly affirmed.