## McCAFFREY et al. v. GREAT ATLANTIC & PACIFIC TEA CO. et al.

### No. 107.

Circuit Court of Appeals, Second Circuit.

April 10, 1939.

For original opinion, see 102 F.2d 689.

Robert E. Curran, of New York City, for appellant.

Joseph A. McLaughlin, of New York City (Philip Hoffer, of New York City, of counsel), for appellees.

Before SWAN and CHASE, Circuit Judges.

PER CURIAM.

The petitioner now places much emphasis upon one sentence in the answer the boy's mother gave when asked, "When you were making the first trip to visit your friend, did you notice what was on the sidewalk, if anything?" That sentence is, "These bags were laying the same way when I went as when I came back". The full answer to the question was, "There was bags. There was all merchandise, boxes and everything. These bags were laying the same way when I went as when I came back". This was immediately followed by her testimony to the effect that she didn't take any particular notice "of what the stuff was", or of what disposition was being made of it, and that when she came back the truck was gone.

Such inferences as might conceivably be drawn from this bit of testimony to show that the appellant was guilty of the violation of an ordinance which itself would have been some evidence of negligence could have been no more than speculative. Assuming appellant responsible for placing bags on the sidewalk while unloading the truck, there was no proof of more than a mere temporary use of the sidewalk for unloading and without more no violation was shown. See Hexamer v. Webb, 101 N.Y. 377, 4 N.E. 755, 54 Am.Rep. 703.

Without the aid of such evidence of negligence as an established violation of an ordinance would supply, there was no more than a scintilla of proof to sustain the verdict. That was clearly insufficient. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Murray Co. v. Harrill, 10 Cir., 51 F.2d 883.

Moreover, there was direct and positive testimony by employees of the Great Atlantic and Pacific Tea Company store and by men on the Atzenbeck truck that no

bags but only case goods were delivered from the truck. Accordingly it is apparent that the meagre evidence on which the plaintiff relies was insufficient to carry the burden of showing negligence by a preponderance of all the evidence. See Pennsylvania R. R. Co. v. Chamberlain, 288 U. S. 333, 53 S.Ct. 391, 77 L.Ed. 819. There should be a new trial in which the plaintiff may prevail if adequate proof is introduced.

Though there was a verdict against the Great Atlantic & Pacific Tea Company as well as against the appellant, the court, upon being informed that it was mistakenly returned against the Tea Company, entered judgment only against the appellant. There seems to have been no verdict in favor of the Tea Company nor a judgment for or against it except a judgment over without costs against the appellant which was entered for some reason now not clear. Any irregularity in the entry of judgment is not presently important, however, since the reversal of the entire judgment against the appellant will open the matter for a new trial and permit the entry of such judgment or judgments as the result of that may require.

Petition denied.