**DUBAC v. M. & G. CONVOY, Inc.**
Civil Action No. 1872.

District Court, W. D. Pennsylvania.
Oct. 27, 1943.

Wolf, McDonald, Graham & Ingram, of Pittsburgh, Pa., for plaintiff.

Leo A. Nunnink, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover damages resulting from a collision between an automobile and a truck at the intersection of two streets. The verdict was for the plaintiff in the sum of $1,600. Plaintiff filed a motion for a new trial on the ground of inadequacy of the verdict. He has since stated, by his attorney, that he does not desire to prosecute the motion further. Defendant filed a motion to have the verdict and judgment set aside and for the entry of judgment in its favor, on the ground that the plaintiff was guilty of contributory negligence. This is the motion which is now before us.

In the consideration of this motion, all the evidence favorable to the plaintiff, together with the inferences that may be reasonably drawn therefrom, are to be accepted as true. Gunning v. Cooley, 281 U. S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

The defendant contends that plaintiff was guilty of contributory negligence because he failed to continuously

look to the left as he was crossing the intersection where the accident happened. The accident occurred February 7, 1942, about 5:30 A. M., at the intersection of Western Avenue and Brighton Road, North Side, Pittsburgh, Pa. Brighton Road, at the place of the accident, runs in a northerly and southerly direction; Western Avenue, in an easterly and westerly direction. Plaintiff was driving his passenger automobile easterly on Western Avenue; defendant was driving its truck southerly on Brighton Road. There was a red blinker light for cars traveling on Western Avenue at the intersection of the two streets named above and a yellow blinker light for traffic traveling southwardly on Brighton Road. Brighton Road is sixty feet wide at the intersection. Plaintiff stopped his car before entering the intersection at a point where he could see 50 feet north on Brighton Road. He looked and saw no traffic. He put his car in low gear and proceeded at a speed of 5 to 10 miles per hour. He ran his car before the accident across the center line of Brighton Road. As plaintiff was crossing the intersection, he continuously looked ahead, and also, looked twice to the left at places where he could see 100 feet or more. The first time he looked he did not see defendant's truck. The second time it was about 30 feet away. His visibility was affected by the lights on a car traveling in a westerly direction on Western Avenue, which had stopped for the intersection, and also because it was dark and raining at the time, the rain falling on his windshield (which had wipers) and also on the windows, which included the window on his left. The truck of the defendant was traveling at the rate of 35 miles per hour. It was not stopped nor was its speed decreased at the intersection. It crashed into plaintiff's car, injuring the plaintiff and his car.

Under the evidence, the jury was warranted in finding that plaintiff was not guilty of negligence; also, if he was negligent, that his negligence did not contribute to the accident and the injuries received by him. Under the facts as above stated, which the jury had the right to find under the evidence, the plaintiff exercised the care that a reasonably careful and prudent driver should exercise under like circumstances. This conclusion is strengthened by the rule that plaintiff had the right to assume that the truck of the defendant, which was at plaintiff's left, would be run in a reasonably careful and prudent manner under the circumstances. Freedman v. Ziccardi, 151 Pa.Super. 159, 30 A.2d 172, Keller, P. J.

The motion of defendant should be refused.

The motion of plaintiff for a new trial is refused; and the motion of the defendant to have the verdict and judgment set aside and for the entry of judgment in its favor is also refused.