**SULLIVAN v. ALIQUIPPA & S. R. CO.**
Civil Action No. 2789.

District Court, W. D. Pennsylvania.
Oct. 27, 1944.

Margiotti, Pugliese & Casey and Marvin
D. Power, all of Pittsburgh, Pa., for plaintiff.

William A. Challener and William A. Challener, Jr., both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover damages by reason of alleged negligence of the defendant under the Federal Employers' Liability Acts, 45 U.S.C.A. § 51 et seq., and the Federal Safety Appliance Acts, 45 U.S.C.A. § 1 et seq.

On May 20, 1943, the defendant owned and operated a short railroad in Beaver County. The plaintiff was in the employ of defendant as a brakeman in a yard of the company. At the time of the accident he was engaged in the weighing of a train of twelve cars. Other employees thus engaged were an engineer, a fireman, a conductor, a weighmaster and another brakeman. In this process of weighing, it was the practice to back the cars over the scale. After the first car had been backed over the scale, the brakeman applied the brakes so as to stop the first car in a position to leave room for the second car going over the scale. The plaintiff, the brakeman, remained on the first car. A second brakeman rode each additional car. As each additional car was weighed, it was moved so as to leave room for the next car, the brake applied being ordinarily on the first car. The day of the accident was the first day that the plaintiff was engaged in the weighing of cars and it was shortly after he had been employed by defendant. Five cars had been weighed prior to the accident. Plaintiff was seriously injured by falling on the track between the first and second cars. He received severe injuries, including the loss of a leg. Plaintiff, in his complaint, avers many acts of negligence on the part of the defendant but he relied at the trial mainly on two: That car number one had an insufficient hand brake and was not in compliance with the law in relation thereto; and that there was a collision of the cars, with great violence, which caused his fall and injuries.

Under the applicable Federal Employers' Liability Acts, a common carrier is liable for negligence of any of its officers, agents or employees, or by reason of any defect or insufficiency due to negligence in its cars, etc. 45 U.S.C.A. § 51. The applicable Federal Safety Appliance Acts require that "All cars must be equipped with secure sill steps and efficient hand brakes." 45 U.S.C.A. § 11.

The defendant, at the trial which resulted in a verdict in favor of the plaintiff, presented two motions: One for binding instructions in its favor, and the other, for a new trial. We will consider, first, defendant's motion for judgment non obstante veredicto:

### Judgment Non Obstante Veredicto.

In defendant's motion he set forth as a reason therefor, "that there was no sufficient evidence of negligence on its part." In the consideration of this motion, all the evidence favorable to the plaintiff, together with the inferences that may be reasonably drawn therefrom, are to be considered as true. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

There was evidence in this action that the brake on car number one, on which plaintiff had been riding, was bent and otherwise in bad condition and that it would not operate in stopping cars the same as would a brake in good condition. That by reason of the brake on car number one not holding as it should, plaintiff, in moving from car number one to car number two and before he was safely placed on car number two, by reason of unusual violence in the cars striking each other, was thrown to the track and received severe injuries. In our judgment there was sufficient evidence of the negligence alleged and that said negligence was the proximate cause of the accident to submit to the jury.

### Motion for a New Trial.

Defendant has filed twenty-five reasons in support thereof. Not any of the reasons relate to the admission of evidence or objections made to the comments or remarks of plaintiff's attorneys. Many of the reasons relate to the charge of the Court. All of these reasons have been examined and have been found to be without merit. At the conclusion of the Court's charge, it asked if any further instructions were desired. The only instructions requested were given. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

One of the reasons assigned in support of the motion for a new trial was that the verdict was against the weight of the evidence. Considering the nature of this case, the circumstances involved and the jury's duty to determine the credibility of the witnesses, I cannot sustain this reason.

Defendant, in its eighth reason for a new trial, alleges that: "The learned trial Judge erred in proceeding with the cause after said jury had separated on the 12th day of June, 1944 and was not reconvened until the 5th day of July, 1944." The trial in this case, up to and including the taking of the evidence, consumed one week. On Friday, June 9th, the court adjourned, as usual, until Monday, June 12th. On June 12th the trial Judge was sick and unable to continue the trial. The case was continued without any objections, subject to the recall of the jury at a date to be fixed thereafter by the Court. The Court made known, through the Clerk, that he could resume the trial July 5th, if that date was suitable to the parties. Counsel on each side agreed to the date and made no objection to the resumption of the trial and to notice being given to the jury to return on said date. After the jury returned July 5th, objection was made by defendant for the first time and a continuance was requested. In support thereof, defendant averred "that the lapse of time between the close of testimony on the 9th of June, 1944 and the present time has prejudiced the rights of the defendant and made it most unlikely that a fair trial of the issues involved in this case can be had." There was no specific reason for prejudice cited to the Court although the same was requested. The Court, being of the opinion that neither party would be prejudiced, directed that the case continue, which was done. Such a procedure should not be followed generally. It should be done only in cases where the facts are of such a nature as to require the same to be done; and even then it should not be done if either side would be prejudiced thereby or unless the parties and the Court approve of such a course. There have been continuances of cases in this court before, by reason of sickness. The Court has in mind a case where there was a continuance from December 20, 1940, to January 6, 1941, and again from January 17, 1941, to January 29, 1941. In that case the trial Judge and one of the attorneys were ill. I do not think that the continuance in this case was prejudicial to the defendant, and therefore, this reason is not sustained.

Plaintiff contends, also, that there should be a new trial because the verdict is

excessive. The amount of the verdict was $32,500. Plaintiff was forty years of age at the time of the accident. He lost one of his limbs; he procured and will be required to have an artificial limb during the balance of his life. He was employed as an enameler until a short time before the accident. His annual wages in 1937 were $1078.99; in 1938, $1192.80; in 1939, $1250.96; in 1940, $1308.68; in 1941, $1662.32; in 1942, $1719.75. At the time of the accident he was receiving a higher wage as a brakeman. He was required to pay a considerable sum for an artificial limb and will be required to spend a considerable amount for the same purpose during the balance of his life. Since the accident, the plaintiff has worked as a switch-tender at the rate of 79 cents per hour. He had to give up this employment because of his injuries. There is evidence that this can be corrected by a major operation, so that he could do work thereafter suitable for a man in the condition that he would be at that time. He has undergone much pain and suffering, and no doubt will undergo pain and suffering in the future. He has suffered the mental effect resulting from disfigurement.

After consideration of the items of damage for which the plaintiff is entitled to recover and the evidence in this case, I cannot say that the verdict is excessive.

I have considered the other reasons assigned for a new trial in this case and find the same without merit.

This action came on for hearing on defendant's motion for judgment non obstante veredicto, and after hearing and consideration thereof, the motion is refused.