**UNITED STATES v. GARVIN.**

No. 12427.

District Court, W. D. Pennsylvania.

May 2, 1947.

Edward C. Boyle, Asst. U. S. Atty., of Pittsburgh, Pa., for plaintiff.

Hayden Covington, of Brooklyn, N. Y., for defendant.

McVICAR, District Judge.

Defendant, David Wilfred Garvin, Jr., was indicted in this Court for knowingly failing to submit to induction into the Armed Forces of the United States, October 7, 1946, as required under the Selective Training and Service Act of 1940; as amended, 50 U.S.C.A.Appendix, § 301 et seq. To this charge he pleaded "Not Guilty". The jury, after trial, found him "Guilty". This action is now before us on a motion of defendant for judgment of acquittal in which he set forth as reasons therefor, inter alia:

The action of the draft boards in denying defendant his claim for exemption because he was engaged in secular work, be-

cause he did not conform to the standards of other religions prescribed as to what constitutes a minister of religion and because his name did not appear on the certified official list was discriminatory, arbitrary and capricious contrary to the Act, the regulations and the due process clause of the Fifth Amendment to the United States Constitution.

The undisputed evidence received upon the trial of this case showed that the defendant was denied a full and fair hearing before the local board and that the local board also denied him a full and fair hearing before the board of appeal and thus deprived him of his rights to procedural due process of law by withholding oral evidence from the board of appeal which had been considered by the local board in arriving at the classification in that the local board did not reduce to writing such evidence given and received orally and place a memorandum thereof in the draft board files as required by Sections 615.82, 623.2, 625.2(b) and 627.13(b) of the regulations, which denial was also contrary to the due process clause of the Fifth Amendment to the United States Constitution. (He made a like motion, setting forth the same reasons in support thereof, at the close of all the evidence. His motion was denied.) The present motion was made within the five day limit provided for by rule.

Defendant registered with Local Board No. 2 of Pittsburgh, July 1, 1941. In his reply to the questionnaire submitted, he claimed exemption from all training and service as a minister of religion and requested that he be classified IV-D. September 8, 1941, the Local Board classified him as he requested and he remained in that classification until April 18, 1944 when he was classified I-A. He had two or more hearings before the Local Board on the question of classification in 1944, at which hearing, in addition to written evidence, he submitted to lengthy oral examinations, which included evidence relating to his ordination, training, secular work, education, duties as a minister, etc. After his classification in I-A, he took an appeal from the decision of the Local Board to the Board of Appeal. The Local Board sent to the Board of Appeal the record of the Local Board, which did not contain his oral evidence or a summary thereof. The decision of the Local Board was affirmed by the Board of Appeal. On October 7, 1946, he was ordered to submit to induction into the Armed Forces of the United States, which he refused to do.

In Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 424, the Supreme Court, on February 4, 1946, handed down an opinion in which it stated inter alia, that:

"Estep's local board classified him as I-A, i. e., as available for military service. Sec. 5(d) of the Act exempts from training and service (but not from registration) 'regular or duly ordained ministers of religion.' Under the regulations those in that category are classified as IV-D. Estep, a member of Jehovah's Witnesses, claimed that he was entitled to that classification. The local board ruled against him. He took his case to the appeal board which classified him as I-A. He then asked the State and National Directors of Selective Service to appeal to the President for him. His request was refused. The local board thereupon ordered him to report for induction. He reported at the time and place indicated. He was accepted by the Navy. But he refused to be inducted, claiming that he was exempt from service because he was an ordained minister of the gospel.

"He was indicted under § 11 of the Act for wilfully failing and refusing to submit to induction. He sought to defend on the ground that as a Jehovah's Witness he was a minister of religion and that he had been improperly denied exemption from service, because the classifying agencies acted arbitrarily and capriciously in refusing to classify him as IV-D. He also claimed that his right to an effective appeal had been denied because the local board unlawfully withheld certain relevant documents from the appeal board and included improper material in the record on appeal. The District Court rejected these defenses and did not permit the introduction of evidence to sustain Estep's contention. The jury found him guilty and he was sentenced to imprisonment for a term of five years. * * *

"The decisions of the local boards made in conformity with the regulations are final

even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. * * *"

"Since the petitioners were denied the opportunity to show that their local boards exceeded their jurisdiction, a new trial must be had in each case."

In Eagles v. Samuels, 329 U.S. 304, 67 S.Ct. 313, 317, the Supreme Court, in an opinion dated December 23, 1946, in a habeas corpus case, arising under the Selective Training and Service Act of 1940, stated:

"The function of habeas corpus is exhausted when it is ascertained that the agency under whose order the petitioner is being held had jurisdiction to act. If the writ is to issue, mere error in the proceeding which resulted in the detention is not sufficient. United States ex rel. Tisi v. Tod, supra. Deprivation of petitioner of basic and fundamental procedural safeguards, an assertion of power to act beyond the authority granted the agency, and action without evidence to support its order, are familiar examples of the showing which is necessary. * * *

"* * * Not every procedural error, but only those so flagrant as to result in an unfair hearing render the proceedings vulnerable in a collateral attack."

In Smith v. United States, 4 Cir., 157 F.2d 176, 182, which was before the Supreme Court at the same time as Estep v. United States, supra, a retrial took place in the District Court and on appeal was before the Circuit Court of Appeals aforesaid. The Court, in an opinion by C. J. Soper, stated:

"These regulations clearly require that the record of a registrant on appeal to the board of appeal shall contain a written summary of all the facts considered by the local board in making its classification; and since the conclusions of the board of appeal are necessarily based upon the written record, omission of material facts deprives the registrant of his right to an adequate consideration of his case on appeal and amounts to a denial of due process by the local board which invalidates its clas-

sification and order of induction into the armed services. * * *

"The defendant contends that the evidence shows conclusively that the board did fail in its duty in making up the record on appeal in the manner indicated and that the judge should have directed a verdict for the defendant. We do not agree with this contention because questions of fact were for the jury and it was for them to decide whether the defendant actually gave additional facts which were not included in the record."

The regulations provide, in relation to appearance before a local board, that:

"625.2(b) At any such appearance, the registrant may discuss his classification, may point out the class of classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight. The registrant may present such further information as he believes will assist the local board in determining his proper classification. Such information shall be in writing, or if oral, shall be summarized in writing and, in either event, shall be placed in the registrant's file. The information furnished should be as concise as possible under the circumstances."

In regards to record on appeals:

"627.13(b) Immediately upon completion of the actions required by paragraph (a) of this action, the local board shall attach the Individual Appeal Record (Form 66) to the inside of the registrant's Cover Sheet (Form 53) and shall carefully check the registrant's file to make certain that all steps required by the regulations have been taken and that the record is complete. If any facts considered by the local board do not appear in the written information in the file, the local board shall prepare and place in the file a written summary of such facts. In preparing such a summary, the local board should be careful to avoid the expression of any opinion concerning information in the registrant's file and should refrain from including any argument in support of its decision.

"(c) The local board shall forward the file of a registrant who appeals or on whose

behalf an appeal is taken to the board of appeal. * * *"

"627.24(b) In reviewing the appeal, the appeal board shall not receive or consider any information which is not contained in the record received from the local board except (1) the advisory recommendation from the Department of Justice under section 627.25, and (2) general information concerning economic, industrial, and social conditions." ·

█ The evidence discloses that the defendant on two or more hearings before the Local Board, gave oral evidence at length relating to his status as a minister of religion. This evidence was considered by the Local Board in making its classification as appears from the uncontradicted evidence of the Chairman of the Board. Not any of the oral evidence taken by the Local Board, or a summary thereof, was sent to the Appeal Board. The Board of Appeal, therefore, acted upon the classification of the defendant without having all the evidence before it, which was received and considered by the Local Board in making its classification of the defendant. The result is that defendant did not have a fair hearing and he was denied due process of law.

The evidence at the hearing in this case, of the oral evidence received by the Local Board, was uncontradicted and supported by several witnesses. The evidence was considered by the Local Board in the classification of the defendant as appears from the uncontradicted evidence of the Chairman of the Board at the trial in this case. A verdict in favor of the plaintiff under such circumstances would have to be set aside and a new trial granted. The defendant's motion at the close of the evidence for a directed verdict should have been granted.

█ In Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 233, 74 L.Ed. 720, which was a civil case, the Supreme Court in an opinion by Justice Butler stated:

" 'When, on the trial of the issues of fact in an action at law before a Federal court and a jury, the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff or the defendant, as the case may be, so that such a verdict, if returned, would have to be set aside, the court may and should direct a verdict for the other party.' Slocum v. New York Life Insurance Co., 228 U.S. 364, 369, 33 S.Ct. 523, 525, 57 L.Ed. 879, [Ann.Cas.1914D, 1029].

"A mere scintilla of evidence is not enough to require the submission of an issue to the jury. The decisions establish a more reasonable rule 'that in every case, before the evidence is left to the jury, there is * * * literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.' Improvement Company v. Munson, 14 Wall. 442, 448, 20 L.Ed. 867; Pleasants v. Fant, 22 Wall. 116, 122, 22 L.Ed. 780."

### Supplementary Opinion

The foregoing opinion was written but not filed prior to the decision of the Third Circuit Court of Appeals handed down April 28, 1947 in the case of United States v. Zieber, Jr., 161 F.2d 90.

In that case, Zieber, a member of the sect known as "Jehovah's Witnesses", was charged in the Eastern District of Pennsylvania of violating the Selective Training and Service Act of 1940, in that he did knowingly fail to comply with an order of his Local Board to entrain for work of national importance. He was found "Guilty" and sentenced. On appeal, the judgment of conviction was reversed. The Court, in an opinion by Biggs, C. J., states, inter alia:

"If the Local Board did refuse to consider new or further information offered by Zieber and to include it in his cover sheet and to consider it in classifying him after it had been offered, or if the Local Board refused to receive new or further information which Zieber endeavored to offer to it, we think it is clear that he was denied due process of law. Moreover, a failure by the Local Board to perform the duties imposed upon it by the Selective Training and Service Act and the regulations could not have been cured by the de novo consideration of Zieber's classification

by the Appeal Board if material which should have been included by the Local Board in Zieber's file was not included so that the Appeal Board could consider it.

"Whether a selectee has or has not been afforded due process of law by the Selective Service agencies, there being disputed fundamental questions of fact as in the cas, at bar, should have been determined by the jury under proper instructions from the court. If the jury had believed that Zieber had given new or further information to his Local Board or had endeavored to give new or further information to the Board and had been prevented from doing so by the action of the Board, under a proper charge from the trial judge the jury could and should have found Zieber not guilty of failing to comply with the order of the Local Board to entrain for work of national importance. Zieber was not under a duty to comply with an illegal order. The court below did not present the important questions of fact, hereinbefore outlined, to the jury for its determination or instruct the jury that action of the Local Board contrary to the Act or regulations 'would be lawless and beyond its jurisdiction'. Estep v. United States, 327 U.S. 114, 121, 66 S.Ct. 423, 427. * * *

"* * * Good faith and honest intention on the part of the Local Board is not enough. There must be full and fair compliance with the provisions of the Act and the applicable regulations."

In the above case there were "disputed fundamental questions of fact" relating to the testimony which Zieber stated he offered to the Local Board. In the present case there were no disputed questions of fact. The uncontradicted testimony of the defendant and of the Chairman of the Local Board was to the effect that Garvin did testify orally before the Local Board; that said testimony was considered by the Local Board; that it, nor a summary thereof, was not reduced to writing and filed and hence was not sent to the Board of Appeal for its consideration.

### Order

And now, to wit, May 2, 1947, the motion of defendant for judgment of acquittal, made within five days after the jury was discharged, came on for hearing, and after hearing and consideration thereof, it is ordered that the verdict of the jury be set aside and judgment of acquittal be entered in favor of the defendant.