## WOLF v. EAST ST. LOUIS CITY LINES, Inc.

### No. 13839.

United States Court of Appeals
·Eighth Circuit.
March 31, 1949.

Harold J. Abrams, of St. Louis, Mo. (Blumenfeld & Abrams, of St. Louis, Mo., on the brief), for appellant.

King G. McElroy, of St. Louis, Mo., for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing a personal injury action brought by Ludwig Wolf, a resident and citizen of Missouri, against East St. Louis City Lines, Inc., an Illinois corporation, which is a common carrier of passengers by motor bus between the cities of St. Louis, Missouri, and East St. Louis, Illinois. Jurisdiction is based on diversity of citizenship. The claim stated in the complaint is, in substance, that on October 14, 1947, while the plaintiff (appellant) was a passenger on one of the defendant's (appellee's) busses, proceeding from St. Louis, Missouri, to East St. Louis, Illinois, the operator of the bus, in attempting to eject a passenger from

the bus, precipitated a fight, as a result of which the plaintiff was struck on the head with a metal ticket-punch and injured; and that the plaintiff's injuries resulted from the negligence of the operator. The defendant denied liability. The case was tried to a jury. At the close of the plaintiff's evidence, the defendant moved for a dismissal on the ground that, under the evidence, the plaintiff was not entitled to recover. The motion was sustained, and this appeal followed.

There was no dispute as to the facts and no controversy as to the applicable substantive law, which is that of Illinois. It is conceded that the defendant owed the plaintiff the duty of exercising the highest degree of care to protect him from injury from dangers of all kinds, including assaults, in so far as such dangers could be foreseen or guarded against. The plaintiff's contention is that he made a case for the jury because, although the facts were undisputed, fair-minded men might honestly draw different conclusions from them, Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720, and that the evidence was sufficient to permit the jury to infer negligence on the part of the bus operator.

The facts, as disclosed by the plaintiff's evidence, are, in substance, as follows:

On October 14, 1947, the plaintiff boarded the defendant's bus in St. Louis, Missouri, and paid the fare to his destination in East St. Louis, Illinois. When the bus left the Missouri end of the Eads Bridge, it carried about fourteen passengers. One of these passengers was a colored man who had paid only the fare required for transportation to the Illinois terminus of the bridge. At the time he boarded the bus, he had asked the bus operator for a transfer, but was informed that he was not entitled to one unless he paid an additional five cents. He did not pay it, and took a seat at the rear of the bus.

On two previous occasions this same passenger had paid his fare only to the Illinois terminus of the bridge and had been advised by the bus operator, when that point was reached, that the passenger must pay an additional five cents or leave the bus. On each of these occasions some other passenger had paid the required fare in order to avoid delay.

On the day in suit, the bus crossed the Eads Bridge and stopped at the point to which the fare paid by the colored passenger entitled him to go. The operator of the bus announced that the bus had reached that point and that this passenger would have to pay an additional five cents if he went any farther. The passenger made no response, and the bus operator told him that he would have to pay the additional fare or get off. Receiving no response, the operator opened the rear door, left his seat at the front of the bus, and, with a metal ticket-punch in his hand and without removing his glasses, walked back to where the passenger was sitting. The operator said: "This is about the third time that you have tried the same thing, and I am getting tired of it. A lot of delay is unnecessary." The passenger said, "What are you talking about?" The operator responded: "You know what I am talking about. I want you to put your fare in the box and get going." The passenger then arose and struck the operator under the left eye and knocked him over a seat. In some way, not disclosed by the evidence, the ticket-punch left the operator's hand and struck the plaintiff above the right eye, inflicting a cut in which stitches had to be taken and which left a scar. The passenger who struck the operator escaped from the bus, was later captured by the police, and pleaded guilty to assault.

The trial court concluded that the evidence was insufficient to justify an inference that the bus operator reasonably could have foreseen that his demand that the passenger either pay the additional five-cent fare or leave the bus would cause an assault or would in any way endanger the other passengers on the bus. The operator, so far as the evidence shows, did nothing more than he was required to do in the performance of his duty to his employer. That on two previous occasions this same passenger had refused to pay his fare, and that others had paid it for him, would, in our opinion, not justify an inference that the operator was charged with notice that a fight would follow a demand for the additional five-cent fare due from the passen-

ger if he was to continue his journey. There was no evidence indicating that the passenger was, or appeared to be, either intoxicated or insane. The plaintiff himself testified that when the operator walked back toward the passenger, he (the plaintiff) did not know, or have any reason to believe, that an altercation would start.

The plaintiff's theory seems to be that the operator should have anticipated violence and have called the police before demanding that the passenger pay his additional fare or leave the bus. We think that there was nothing in the situation prior to the assault, as disclosed by the evidence, which would have warranted calling the police. It can hardly be negligence for a conductor or bus operator to ask an apparently sane and sober passenger to either pay his fare or leave.

Our conclusion is that the trial court did not err in granting the defendant's motion to dismiss.

The judgment is affirmed.