UNITED STATES, for the Use of Dr. John A. SOMERS and Dr. John A. Somers, Plaintiffs-Appellants,

v.

Hammond M. WINSCOTT, and Roy H. Johnson, and The Travelers Indemnity Company, a corporation, Defendants-Appellees.

No. 11757.

United States Court of Appeals Seventh Circuit.

Nov. 9, 1956.

Peter S. Sarelas, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Charles M. Rush, Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

Sometime after plaintiff instituted his suit (case 51–C–1312) against one Yohanan and Issac for rent overcharges, the case was set for pretrial and thereupon, March 5, 1952, added to the trial list by the district judge. On January 26, 1953 the rent case was called and continued to February 2, 1953 for trial. Counsel for plaintiff in the instant appeal participated in the following critical colloquy with the court below on that day in February:

"The Clerk: 51–C–1312, Somers v. Yohanan, trial.

"Mr. Sarelas: Plaintiff is ready, your Honor.

"The Court: Check with the Clerk for Monday. It is possible we will be able to start your case next week sometime. See the Clerk about Friday and see what the condition of the calendar is at that time."

From that quoted paragraph plaintiff extracts a notion that the district judge's suggestion constituted an order, which in turn was neither recorded nor noted in the Docket Folio by the defendant, deputy clerk Winscott. In their brief, filed in our court, it is conceded that the codefendants noted or caused to be noted the following order dated February 3, 1953; "Cause called for trial—No response—Placed on passed case calendar." The date "Feb. 2, 1953" is stricken out on the right hand top corner of the printed order form and "Feb. 3" written immediately above the deletion. In his brief, filed in our court, plaintiff informs us that: "On February 6th, 1953, plaintiff's attorney complying with the directions of the Court given on February 2nd, 1953 checked with the defendants, Winscott and Johnson, and requested that the order of Judge LaBuy of February 2nd, 1953, be noted or recorded. (App. 35; Rec. 261–262; App. 43; Exh. 6; Rec. 361–363)"

■ In any event, Case No. 51–C–1312 was finally tried on March 20, 1956 and resulted in a directed verdict of not guilty. Plaintiff brought the present action against the Clerk of the United States District Court for the Northern District of Illinois, Winscott a deputy clerk assigned to the trial judge who we have already quoted, and the Clerk's surety. The gist of this action is that plaintiff expended costs and attorney's fees in restoring case 51–C–1312 to the trial calendar which loss was brought about by defendant clerks' breach of 28 U.S.C. § 951, among other charges. Plaintiff's appeal from a judgment below, entered March 20, 1956, resulting from allowance of a directed verdict in favor of the two clerks and surety, is wholly without merit. His appeal from the trial court's order denying his motion to strike the appearance of the United States Attorney on behalf of the two clerks is equally tenuous.

■ We notice a marked lack of propriety in the institution of the lawsuit against the Clerk, deputy clerk and surety company. A careful study of this record and exhibits discloses not only a groundless cause of action, but an utter collapse of proof during the trial on the merits.

■■ We think the trial judge was right in withdrawing the case, against these clerks and surety, from the jury. Pennsylvania R. Co. v. Chamberlain, 1933, 288 U.S. 333, 343, 53 S.Ct. 391, 77 L.Ed. 819; Gunning v. Cooley, 1930, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720. The complaint pivots on a non-existent order allegedly entered February 2, 1953, all else claimed depends upon that misapprehension. Each articulation by a trial judge does not automatically rise to the status of an order merely because it is voiced from the bench. We are unable to agree with plaintiff on any points he urges in this appeal, and after close scrutiny of his briefs we are satisfied that the trial judge hearing the case now before us committed no reversible errors in his several rulings challenged on the reviewing level.

Judgment affirmed.