**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony LIVINGSTON, Defendant–**
**Appellant.**

**No. 99–10307.**
**D.C. No. CR–98–40030–SBA.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided June 15, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

## I. SUFFICIENCY OF THE EVIDENCE

Because Livingston failed to make a Rule 29 motion for acquittal at the close of all evidence, we review his insufficiency of the evidence claim for plain error.[1] There is no such error here. Officer Jones' testimony, which it was the jury's prerogative to credit,[2] provided ample evidence connecting Livingston to the gun found in the park.

## II. HEARSAY TESTIMONY

Throughout his direct testimony, Livingston sought to create the impression that the parole warrant was based on a charge police had concocted. Kallins' questions to Gantt sought to buttress this inaccurate impression. Accordingly, the court did not abuse its discretion in allowing Gantt to testify that the charges were dropped because the witness was scared of the defendant. Although the court specifically admonished Livingston's counsel to be careful, she boldly went ahead and "opened the door."[3]

## III. SANCHEZ[4] ERROR

■ Forcing the defendant to testify that Government witnesses are lying is plain error.[5] Here, however, reversal is unwarranted because Livingston failed to show that this error affected his substantial rights.

Credibility issues were what this case was all about, as both sides concede. Given this, we find it highly unlikely that the prosecutor's pointed questions compromised the fairness or integrity of the trial. The prosecutor's questions to Livingston simply forced him to say what his counsel preached to the jury during both opening and closing arguments: that nearly every police officer involved in the case lied. Livingston points to nothing to suggest that the Government's accentuation of his sole theory of defense changed the outcome of the trial or otherwise compromised its integrity.

---

\* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See United States v. Yossunthorn,* 167 F.3d 1267, 1270 n. 4 (9th Cir.1999).

2. *Gunning v. Cooley,* 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720 (1930).

3. *United States v. Segall,* 833 F.2d 144, 148 (9th Cir.1987).

4. *United States v. Sanchez,* 176 F.3d 1214 (9th Cir.1999).

5. *Sanchez,* 176 F.3d at 1219.

## IV. VOUCHING

■ Because he did not object during trial, we review Livingston's prosecutorial vouching claim for plain error.[6] We find no such error.

In closing, the Government stated that "based on the evidence, we would submit [Officer Jones is] a decent, honest cop" and that "[w]e would submit that Officer Jones, when you evaluate his testimony as a whole, was truthful and credible." These statements resemble those this court upheld in *United States v. Necoechea*[7] more than those this court disapproved of in *United States v. Kerr.*[8] Like the statement in *Necoechea*, the two statements here were prefaced by "I submit" and "we submit." More importantly, these two statements were bookended by others that made it clear that the credibility determination was for the jury and that the prosecutor merely thought that "based on the evidence," the jury should find Jones credible. This prosecutor, unlike the prosecutor in *Kerr*, argued inferences from the evidence. For this reason, these statements did not constitute vouching.

Livingston also takes issue with the prosecution's suggestions that Government witnesses lacked a motive to lie. As we held in *United States v. Molina*,[9] "[i]n a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying."[10] Here, as in *Molina*, "[i]t was proper for the government to argue that the jury ought not to believe the appellant's version."[11]

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

■ Ineffective assistance of counsel arguments are ordinarily inappropriate for direct review and should be brought in habeas corpus proceedings pursuant to 28 U.S.C. § 2255.[12] "The rationale for this rule is that such a claim cannot be advanced without the development of facts outside the original record."[13] That is, trial court proceedings are usually necessary to "develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted."[14] Exceptions are warranted only (1) when the factual record is sufficiently developed, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.[15] Because neither of these criteria is met here, we decline to review Livingston's ineffective assistance of counsel claim on direct appeal.

AFFIRMED.

---

6. *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993).

7. *Id.*

8. 981 F.2d 1050, 1053 (9th Cir.1992).

9. 934 F.2d 1440, 1445–46 (9th Cir.1991) (holding that it was not improper vouching for the prosecutor to argue that "there was one witness here who had a greater motive to lie than any other witness ... and that man was the defendant").

10. *Id.* at 1445.

11. *Id.*

12. *United States v. Houtchens*, 926 F.2d 824, 828 (9th Cir.1991).

13. *Id.* (internal quotation marks omitted).

14. *Molina*, 934 F.2d at 1446.

15. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (citing *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992)).