## BUDER v. NEW YORK TRUST CO.
### No. 69.

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1939.

Olvany, Eisner & Donnelly, of New York City (James F. Donnelly, of New York City, of counsel), for appellant.

White & Case, of New York City (David Paine and Orison S. Marden, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

This case has been much litigated. The first trial resulted in a disagreement by the jury; the second in judgment for the plaintiff, which this court reversed in Buder v. New York Trust Co., 82 F.2d 168, 104 A.L.R. 1035; and the present appeal brings up the proceedings at the trial which followed that reversal. Although the plaintiff obtained judgment on the third and fourth counts of his complaint, the result was substantially a victory for the defendant. The second count, charging conversion of stock pledged with the defendant as security for a loan to the plaintiff, was the only cause of action that was tried to the jury, and this count the judge dismissed at the close of the plaintiff's case. The first count (breach of contract) was voluntarily withdrawn before trial and was dismissed with the plaintiff's consent. The third and fourth counts involved sums of money of which the defendant had previously tendered payment, and by consent of counsel were left for decision by the court at the conclusion of the case. As already stated, judgment on them was given for the plaintiff, but he has appealed from the entire judgment in fear that acceptance of the favorable portion might preclude obtaining a reversal of the unfavorable, since recovery on the third cause of action would be inconsistent with recovery for conversion of the stock.

The facts relating to the claimed conversion were stated in detail in our former opinion and need not be here repeated. It is argued that our former interpretation of contract of pledge was erroneous and not in harmony with the law of New York, which concededly must control in view of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. But we find no New York decision which conflicts with the views expressed in our former opinion. Dicta by a trial court justice in Cole v. Manufacturers Trust Company, 164 Misc. 741, 299 N.Y.S. 418, are not an authoritative declaration of the

state law. Moreover, on the present trial the plaintiff proved that no consideration was paid for the option of July 8, 1932, pursuant to which the optionee took up the stock early in August. Hence the option was no more than a revocable offer, and neither the making of the offer in July nor the sale of stock affected by its acceptance in August can constitute a conversion. The plaintiff's grievance is that the sale was made at an inadequate price. As we said before, for such an injury the pledgee might be accountable, but not in an action for conversion.

■ The plaintiff contends that the pledgee had waived its privilege of selling without notice by conduct which makes applicable the doctrine of Toplitz v. Bauer, 161 N.Y. 325, 55 N.E. 1059. This same contention was made upon the prior appeal. We then said that there was no evidence that Mr. S. A. Mitchell had any authority, real or apparent, to promise an extension of the loan. There is nothing in the present record to change that conclusion. While Mr. Buder testified to a conversation in which Mr. J. M. Mitchell, vice-president of the defendant, said that any further negotiation with "reference to your note" will have to be through S. A. Mitchell, he testified also that the negotiations they were talking about were "the furnishing of additional security." Mr. Buder's letter * of July 27th recognized vice-president Mitchell as the one to whom a request for extension should be addressed. That S. A. Mitchell's authority extended only to negotiations regarding the furnishing of additional collateral is further confirmed by the extracts from J. M. Mitchell's deposition (fols. 141-2) which were not before us on the former appeal. There was no error in dismissing the second count of the complaint.

■ Finally, it is urged that error was committed in requiring the plaintiff to prove admissions of J. M. Mitchell by putting in evidence his entire deposition and reading extracts therefrom rather than permitting testimony by one who heard such admissions at the taking of the deposition. Since the plaintiff was not precluded from getting the admissions into evidence, it is difficult to see wherein he suffered any prejudice. But in any event, the procedure adopted is justified under Rule 26(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Judgment affirmed.

*In our prior opinion, 2 Cir., 82 F.2d 168, at page 172, 104 A.L.R. 1035, allusion was made to this letter and to testimony by Mr. Buder at the second trial concerning a disputed telephone conversation with attorney Mitchell. We referred to the plaintiff's version of the conversation as "an afterthought (following a recess) to his previous recital of what the conversation was." While this animadversion was justified by the record then before us, in justice to Mr. Buder it should now be stated that the present record discloses that at the first trial of the action his testimony concerning the conversation was the same as at the second. Had this fact appeared in the former record we should not have referred to the plaintiff's version as "an afterthought."