**CAPITAL TRANSIT CO.**
v.
**BINGMAN.**
No. 11926.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 16, 1954.

Decided April 15, 1954.

---

242

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. John P. Arness, Washington, D. C., was on the brief, for appellant.

Mr. Dorsey K. Offutt, Washington, D. C., with whom Mr. David F. Smith, Washington, D. C., was on the brief, for appellee.

Before CLARK, BAZELON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

No adverse criticism can properly attach to defense counsel who try a closely contested issue of fact for all it is worth, and that is what was done in this suit, brought to recover for personal injury. The record discloses that available defenses were urged capably and vigorously throughout the trial and thereafter. Motion for a directed verdict was filed, and denied. After verdict for the plaintiff, defendant sought judgment notwithstanding the verdict or a new trial. Its motions were denied, hence this appeal.

■■ Now appellant asks us to rule that it should prevail as a matter of law. We will not do so. Only where the probative facts are undisputed and where reasonable minds can draw but one inference from them does the question become one of law for the court. Ward v. District of Columbia, 1905, 24 App.D.C. 524, 529.[1] Where, as here, the case turns on controverted facts and the credibility of witnesses, the case is peculiarly one for the jury, and "* * * It would be an invasion of the jury's function for an appellate court to draw contrary inferences or to conclude that a different conclusion would be more reasonable." Ellis v. Union Pacific R. Co., 1946, 329 U.S. 649, 653, 67 S.Ct. 598, 600, 91 L.Ed. 572.

[1]. See also, Gunning v. Cooley, 1930, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720, affirming 1929, 58 App.D.C. 304, 30 F.2d 467.

■■ The trial judge ably and patiently examined with counsel for both sides their respective claims and requests to charge. The instructions given were complete and adapted to the issues framed and clearly adequate for the guidance of the jury. Giving to the plaintiff-appellee every favorable inference to which he is entitled,[2] there was evidence that when he attempted to cross to the east side of the street, he was within the crosswalk some twelve feet in front of appellant's streetcar, the traffic signal was in his favor, he was in the plain and unobstructed view of the motorman, the motorman nodded his head as a sign of recognition of his intention to cross, and no gong was sounded when the streetcar began to move. Appellant's own witnesses testified that the streetcar was capable of stopping almost instantly and that it actually came to a halt within four feet of the point of impact. Thus, it was arguable, and the jury could have found, that the streetcar could have been stopped after plaintiff had come into a position of peril, of which he was unaware, and before he was struck. Such evidence, contrary to appellant's contention, justified an instruction on last clear chance, and affords ample support for the verdict of the jury.

One point requires special consideration. Appellant submitted "Defendant's Requested Instruction Number Five" which, after colloquy between court and counsel was given exactly as follows except that the trial judge deleted the capitalized language:

"The jury is instructed that should you find that any witness or party has testified falsely about a material matter concerning which he could not reasonably have been mistaken, then you are at liberty to disregard all or any part of the testimony of such witness or party. Prior inconsistent statements of a witness, AS DISTINGUISHED FROM A PARTY, are to be considered only as bearing on that witness' credibility and not as proof of the facts. ON THE OTHER HAND, PRIOR INCONSISTENT STATEMENTS OF A PARTY MAY BE CONSIDERED FOR BOTH OR EITHER PURPOSE."

Appellant urges that the omitted capitalized words were necessary to permit the jury to find that an alleged eyewitness for the plaintiff was a "ringer" who did not see the accident at all. Appellant insists that it was deprived "of the benefit of an instruction *from the Court* of a principle of law highly necessary to defendant's burden of convincing the jury of the bogus nature of plaintiff's alleged eye-witness. * * *"

Rule 26(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., reads: "Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness," while Rule 26(d) (2) reads in pertinent part: "The deposition of a party * * * may be used by an adverse party *for any purpose.*" (Emphasis supplied.)

The complaint discloses that the appellee was injured on July 21, 1950. During the trial, two and one-half years later, appellee testified that some time in July 1951 he first learned that one Haydn E. Wood had been an eye-witness to the collision. Defense counsel then brought out through further cross examination that appellee had given his deposition on May 15, 1951, at which time he was asked questions and made answer as follows:

"Question: Do you know the names of any witnesses or any persons who might have witnessed this accident? Answer: No, sir.

"Question: No witnesses at all? Answer: No, sir.

"Question: You did not learn of any since the accident? Answer: No, sir, I was too stunned to even ask anyone about it at the time of the accident."

2. Baltimore & O. R. Co. v. Postom, 1949, 85 U.S.App.D.C. 207, 209, 177 F.2d 53.

Appellant urges that because appellee ten months after the accident deposed that he then knew of no witness, "Haydn Wood did not exist as an eye-witness." Appellant insists that testimony in the deposition may be considered by the jury for the purpose of establishing "proof of the facts," in this particular, the non-existence of Wood as a witness. Appellant urges that appellee's prior statements in the deposition are inconsistent with his later testimony during the trial that he first learned, one year after the accident, that Wood was an eye-witness. We see no inconsistency whatever.

■ Restated, appellee in his deposition said that as of that time, he knew of no eye-witnesses, but during the trial he testified that some two months after he gave the deposition, he came to know of one who informed appellee he was a witness to the collision. We think the two statements can readily be reconciled, and that the trial judge correctly so decided. Leaving aside the fact that the appellee's deposition was not offered in evidence [3] "for any purpose," appellant has suffered no prejudicial error through the trial judge's deletion of the capitalized language as it appears in the requested instruction above.

It is true the witness Wood testified at the trial that some "six or eight months" after the collision, he first told appellee that he had witnessed the collision. This testimony was inconsistent with that of the appellee as to when the latter first learned that Wood had witnessed the collision. The conflict between the appellee and Wood does not, however, become a contradiction in the appellee's own statements. On this point the portion of the charge above quoted was adequate for the guidance of the jury. Moreover, in various other portions of the charge the trial judge pointed out to the jury its true function in weighing and reconciling conflicting

evidence, and otherwise outlined appropriate criteria to be applied in the jury's consideration of the case.

In short, while Rule 26(d) (2) provides that the deposition of a party may be used by an adverse party for any purpose, here appellee, as a party made no prior inconsistent statements which would predicate or compel an instruction in the language of appellant's request.

We discern no basis upon which appellant's motion for judgment notwithstanding the verdict should have been granted, nor abuse of the trial judge's discretion in his denial of appellant's motion for a new trial. The judgment of the District Court will be

Affirmed.

BAZELON, Circuit Judge, concurs in the result.

---

3. See Buder v. New York Trust Co., 2 Cir., 1939, 107 F.2d 705, 706, certiorari denied, 1940, 309 U.S. 677, 60 S.Ct. 715, 84 L.Ed. 1022, 7 Cyc. of Fed.Proc. 204 (1951 ed.), McKelvey, Evidence, 177 (1944 ed.), 4 Moore's Federal Practice 1190 note (2d ed. 1948); but see, Snodgrass v. Cohen, D.C.1951, 96 F.Supp. 292, 294.