**Peter ZAIKO and Marie Zaiko**

v.

**DISTRICT OF COLUMBIA, Appellant.**

**No. 22789.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 5, 1970.

Decided April 14, 1970.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Hubert B. Pair, Acting Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellant. Mr. Charles T. Duncan, Corporation Counsel, also entered an appearance for appellant.

Mr. Stanley Klavan, Rockville, Md., with whom Mr. Paul H. Mannes, Rockville, Md., was on the brief, for appellees.

Before ROBINSON, MacKINNON and ROBB, Circuit Judges.

ROBB, Circuit Judge:

The appellee Peter Zaiko was struck and run over by a truck owned by the District of Columbia and operated by one of its employees. He sued for personal injuries and his wife Marie Zaiko sued for loss of consortium. At trial before a jury the District denied all allegations of negligence and claimed that Mr. Zaiko's injuries resulted from his sole or contributory negligence. At the conclusion of the plaintiffs' evidence and again at the close of all the evidence the District moved for a directed verdict. The motions were denied. The jury returned a verdict in favor of Mr. Zaiko for $61,000.00, and in favor of Mrs. Zaiko for $10,000.00. The District's motion for judgment *non obstante veredicto* was denied. On this appeal the District contends that the verdict cannot stand because "the physical facts irrefutably establish" that Mr. Zaiko was negligent as a matter of law. We affirm.

The accident in which Mr. Zaiko was injured occurred in the early afternoon of September 30, 1966 on Riggs Road, N.E., in the City of Washington. Riggs Road runs east and west. The evidence disclosed that Mr. Zaiko was struck and injured by a District of Columbia Department of Highways and Traffic truck which was facing east and backing in the east-bound lane next to the south curb of Riggs Road. This lane was closed off for repairs and the truck was loaded with asphalt for use in the work. The weather at the time was dry and clear. There was no marked cross-walk in the vicinity of the accident. Mr. Zaiko's testimony at trial, and the theory of his case, was that he was standing on the south curb of Riggs Road, looking to his left, that is towards the west, and preparing to cross the street, when the truck backed up from the east and hit him.

Called as a witness by the District, the driver of the truck testified that before beginning the backing operation that ended when Mr. Zaiko was struck he

looked into both his right and left side-mounted rear-view mirrors, satisfying himself that there were no pedestrians in the way, and then commenced to back up at a speed of approximately two or three miles an hour in the curb lane of Riggs Road. He said that after backing about twenty-five feet he "felt a bump", "sort of like you run over a piece of concrete" or "something like a fire hose we ran over". When he felt the bump he stopped, got out of the truck, and found Mr. Zaiko lying just forward of the right front wheel with his shoulders resting on the curb and the rest of his body in the roadway. He testified further that he had backed in a straight line two or three feet from the curb and that his truck never came in contact with the curb.

The District introduced photographs which showed the truck standing in the street with the right front wheel two feet from the curb and the right rear wheel three feet from the curb. In the photographs the front wheels were not in a turning position. According to the testimony of the driver and other witnesses called by the District these were the exact positions of the truck and its wheels immediately after Mr. Zaiko was struck.

The District argues strenuously that this photographic evidence demonstrates that it was a "physical impossibility" for the truck to strike Mr. Zaiko if he was standing on the curb. This demonstration, the District claims, is reinforced by evidence showing or tending to show that in various pretrial statements Mr. Zaiko said that when hit he "was crossing the street" or "attempting to cross" or "standing in the middle of the roadway" or "standing with one foot on the curb and one foot in the street". From all of these facts the District concludes that since "the physical facts irrefutably establish that the pedestrian was either walking or standing in the roadway at the time he was struck by the backing vehicle, he was unquestionably negligent as a matter of law."

Assuming the validity of the proposition that if Mr. Zaiko was in the roadway he was negligent, we cannot hold that the District was entitled to judgment as a matter of law. Such a ruling is justified only when the facts are undisputed and only one inference can be drawn from them by reasonable minds. Here Mr. Zaiko testified positively that he was standing on the curb when he was run down by the truck. Apparently the jury believed his testimony. On the other hand they were not bound to accept the District's contention that the "physical facts" demonstrated that Mr. Zaiko could not have been standing on the curb when he was hit.

The proof of the "physical facts" depended to a considerable extent upon the testimony of the District's witnesses with respect to the movements of the truck before the accident and the positions of the truck and its wheels immediately afterwards. It was within the province of the jury to credit or to reject this testimony. In this connection the jury might well have believed from the testimony of the truck driver, that he felt a bump "like you run over a piece of concrete", that the rear wheel had in fact struck the curb on which Mr. Zaiko was standing. This conclusion would have been consistent with the testimony of the truck driver's supervisor to the effect that since the truck was loaded with two tons of asphalt it would have been "difficult to feel a bump" when it passed over a human body.

In short, the case turned on controverted facts and was therefore peculiarly one for the jury; and since there is a reasonable basis in the record for the verdict, we will not invade the jury's function by drawing contrary inferences or finding that a different conclusion would be more reasonable. This court is not the appropriate forum in which to debate controversies of fact or argue the credibility of witnesses, when a record discloses reasonable support for a jury verdict. Capital Transit Co. v. Bingman,

94 U.S.App.D.C. 75, 212 F.2d 241 (1954); Ellis v. Union Pacific R. Co., 329 U.S. 649, 653, 67 S.Ct. 598, 91 L.Ed. 572 (1947).

The District complains that the trial court denied its request, pursuant to Rule 49(b) Fed.R.Civ.P., that a special interrogatory be submitted to the jury. The proposed question was "whether they found him [Mr. Zaiko] struck on the curb or roadway". In denying the request the court stated "I am going to tell the jury that Plaintiff alleges that while on the curb he was struck." The appellant finds no fault with the court's charge.

The provisions of Rule 49(b) are not mandatory and the submission of special interrogatories is within the discretion of the court. Smith v. Welch, 189 F.2d 832 (10th Cir. 1951); Texas & Pacific Railway Company v. Griffith, 265 F.2d 489 (5th Cir. 1959). There was no abuse of discretion here.

The judgments are affirmed.